All right. Good morning, Your Honor. My name is Dan and I represent the appellant, Khosrow Kamali, in this matter. And I'm joined by Mr. Hennig, who will be covering the rebuttal. The reason that we are here today is that we believe that the district court had made a big mistake with respect to dismissing this case on race judicata grounds less than a month before it was set to proceed to trial. This lawsuit was brought by Mr. Kamali to protect his free speech and petition rights under the First Amendment, specifically contesting the exclusion from the state-operated and employee areas of the Caltrans building. The protected activity Mr. Kamali took was advocating on behalf of himself, as well as serving as a representative advocating on behalf of other Caltrans employees. So the issues I'm going to be addressing in my opening arguments is, first, that the court's application of the California's primary rights doctrine, finding race judicata, was not done correctly. Even though the court recognized the primary rights doctrine under California law, functionally, the court had applied the transactional approach adopted by federal courts, analyzing the issue of race judicata. Second, the district court's primary analysis was drawn from the 1986 Takahashi court. In 1986, California case law addressing the primary rights doctrine has not followed this precedent, and the theory for the primary rights doctrine has actually evolved over time, and has narrowed the framing of primary rights, making sure that a litigant's right to adjudicate his or her claims in court is not prohibited by too broadly construing the notion of what a primary right is. Second, more so, race judicata does not apply because there are continuing harms that affect Mr. Kamali to date. Third, there's no privity of predicate for primary rights, because there's no privity between Caltrans and the appellees in this case, and that the construction of derivative liability is actually reversed by the appellees. And then finally, Mr. Gray's actions themselves are fairly attributable to the state. Counsel, if I could ask you a question that just sort of got into the chase of what's on my mind. Why and in what respects are your clients' harms, primary harms, different under the federal civil rights claim than the state civil rights claims? They're both for, they were both for getting the difference right now. Your Honor, in applying California's primary rights doctrine, any shared factual predicate is not conclusive. And in this case, the right that Mr. Kamali sought to contest in state court was the statutory right to equal access to public accommodations. And in contrast here, he's seeking to address his constitutional rights to free speech and petition. And the reason why these are two distinct primary rights is because the legal harm that resulted from the appellee's breach of their duty to the appellant is different. When Mr. Kamali went into the Caltrans building in October, the specific incident was that he was excluded from the second floor. But the second floor is not merely the public areas, a invidious discrimination that occurs on a class basis. Instead, the actions themselves to exclude him from the employee areas and all state operated areas of the building not only functionally excluded him from those areas, but had the effect of killing his First Amendment rights, which have continued to the date. There's a separate framework for which these two distinct primary rights too broadly will have the effect of creating a doctrine of California primary rights that would be difficult to apply. And I believe that the evolution of this theory over the last 30 years reflects such. So as I'm describing to the court the test, one, that there's a primary harm. Two, that there's a legal duty that the appellees owe to the plaintiff. And then there is a breach of that duty. And the breach of that duty caused a distinct legal harm that affects the appellant in this or that affects the appellant in this situation. So this court has recognized rather recently in a case called Magana v. Zara earlier this year that the inherent question of determining whether or not two distinct primary rights actually exist comes to a question of framing. For the court to too narrowly frame the question of primary rights, it runs the risk of potentially burdening courts with same litigation between the same parties. Contrast, if we were to brush the stroke of primary rights too broadly, we would be denying plaintiffs their rightful day in court. And that's what's happened here. Mr. Kamali did not have his rightful day in court to contest the issues related to the chilling of his First Amendment rights, which occurred on October 2017, has continued after the state court judgment itself. As we've learned in fact discovery, the policy for exclusion to Mr. Kamali has changed several times now and it continues to date. So even if we look under the standard for Clark v. Yosemite for whether or not there are new or additional facts, that's what we're going to find here in finding that res judicata is not appropriate in this instance. So there have been a few cases that the California courts have looked to to find that two primary rights do not exist. Two cases that we drew the court's attention to in particular was Craig and and found that similar factual predicate is not a basis for finding necessarily that there's only one primary right at issue. If you look, if the court looks at the situation of Branson, this is the case with Branson v. Sun Diamond Growers. This is the case about indemnification. The court, the California court was finding that statutory indemnification, contractual indemnification, as well as equitable indemnification, all based on the same factual predicate for indemnification were three distinct primary rights. So to the extent that the court, as it's applying the primary rights doctrine, finds that there's not sufficient precedent to make a clear determination, this can also be a question that the court can certify to the California Supreme Court to help adjudicate this matter. Finally, turning my attention to the issue. Are you asking us to certify this question? I'm not asking that this panel at this time, but that is an option for the court, should it be something that would be helpful in helping to adjudicate this matter, particularly because. Why didn't you raise this claim when you filed the state cause of action? The reason that this claim was not raised in the state court of action, because as Sawyer has provided, this is a situation where it is a permissive joinder and not a mandatory joinder. And in this situation, there was two distinct primary rights, one for which case law provides that we did not have to bring these claims simply because there's a shared factual predicate in and of itself. So we sought to adjudicate the claims on a state case basis on statutory grounds. But the fact of the matter is that legal harm from Mr. Kamali's exclusion from the public areas has already ended to our understanding. But in contrast, in this situation, the harms for the chilling of this First Amendment rights continue to date. So turning to my attention to addressing the issue of privity, the cases cited by appellees here and also applied by the district court has misconstrued the notion of how derivative liability flows. In the state court action, even if we were able to find liability against Caltran, that would not have created derivative liabilities for the appellees in this instance. The case of Mildrem identifies that there's a distinctive nature with public officials where we must analyze whether or not the duties and responsibilities of those public officials were conducted in a manner consistent with the position. So even if those appellees themselves, Mr. Gray or Mr. Oshoko, had taken action that caused liability, that may impute to Caltran, but it doesn't work the other way around. And then finally, addressing quickly the point about Mr. Gray, we believe that we've pledged sufficient action to show that under at least the public function test and the joint action test that the actions of Mr. Gray are fairly attributable to the state. I would remind and emphasize that the court district court's adjudication of this case was dismissal on race judicata grounds and not on the basis of that plaintiff has not stated enough claims that couldn't be addressed via amendments. Thank you, Your Honor. Thank you, counsel. Excuse me one second. My door's locked. Sorry for that. All right. Who's the next? So we go to Mr. Arends. Good morning, Your Honor. May it please the court. Paul Arends, Deputy Attorney General, on behalf of the defendants and appellees, Erin Oshoko, Marcus Atkins, Lori Berman, Christopher Hiddleston, Terry Bowen, Duncan McIntosh. Courts respect the finality of judgments. While the rights protected by the Constitution are important, the finality of judgments is important. In this case, the plaintiff already had his day in court. The plaintiff sued the defendant's employer, Caltrans, in California State Court, where judgment was entered against him. Repeating the identical allegations, he filed these related actions in district court against the appellees, who all are or were employees of Caltrans. The district court properly dismissed his claims based on race judicata. Race judicata, of course, exists if the claim is on the same cause of action, the prior proceedings terminated in a judgment on the merits, and the party asserting the claim was a party or in privity with a party to the prior litigation. Molly's claims here are based on the same cause of action as his claim in state court. This court recognizes California's definition of a cause of action for cases previously decided in state court. A cause of action is based on the plaintiff's primary right. A primary right involves a right possessed by the plaintiff or corresponding duty on behalf of the defendant and an alleged wrongful act or acts by the defendants violating that primary right. The most significant factor is the harm alleged. What's not important or significant is the legal harm or the legal theory upon which the prior action was based. Only one cause of action can be brought for the violation of a primary right for the same harm suffered by the plaintiff. In this case, even if the later claim relies on a different legal theory, it's nevertheless barred by race judicata. In this case, the appellant alleged violation of the same primary right here and in the prior state court action. He worked for Caltrans. He alleged in first action and in this case that he engaged in conduct protected by the First Amendment, namely his right to petition the court for redress of grievances. Thus, the plaintiff alleged that he had a primary right to be free from discrimination or retaliation. In fact, in here and in the state court, he alleged the same wrongful acts or wrongful conduct that he contends violated the primary right. He tried to enter the public areas of the Caltrans District 7 building and was denied. The harm in each case was the same in that the defendants allegedly breached their duty to keep the plaintiff free from discriminatory conduct. This is not related to the primary right theory or race judicata, but I'm wondering whether a former employee of Caltrans has the right to wander around in the secure employee section of Caltrans at all. I'm just wondering whether it could even be retaliation if he didn't have a right to go into the employee sections of Caltrans. I agree, Your Honor, and I think that that's an argument that could and would be raised on summary judgment, perhaps. In this case, of course, these claims we've moved for dismissal based on race judicata. I'm just perplexed about this whole action. In that case, Your Honor, I agree that it's legally insufficient for those grounds because we don't think that he had a right to enter employee-only or state-owned portions of the building as he alleges. To get to some of the points that the appellant raised, I want to talk first about some of the cases that counsel discussed, which are the Craig case and the George case. Those cases are different. In the Craig case, the plaintiff previously brought a claim under Title VII, and it was a different primary right because it involved his right to be employed, whereas his later claim involved a claim for emotional distress. The George case is also different. In George, the plaintiff specifically was not required to raise her FEHA claim in the administrative process. With regard to the case of Branson v. Sun Diamond Growers, the statute itself provided that the officer did not need to be based on contract in the prior action. The statute itself said it departed that out. Each of those cases are in opposite. I would like to direct the Court's attention to where I think the simplest argument is in favor of affirming the judgment below. There's a lot of discussion in the briefs about the Unruh Act and statutory rights and rights to a public accommodation. Of course, the question before the Court is not the Unruh Act. The Court is whether the plaintiff's Section 1983 claims invoked the same primary right as his prior lawsuit. In his prior lawsuit, the plaintiff pled claims for emotional distress. He didn't just raise an Unruh Act claim. Specifically, I'm looking at the record here at page 146. What it says here, and I'm referring to the plaintiff's claim for inflection of emotional distress, the defendants owed a duty to the plaintiff to treat him in a non-hostile and non-discriminatory fashion based on his exercise of a protected statutory right to file a lawsuit. The complaint goes on to allege that the defendants breached that duty and that that breach of duty was a substantial factor in causing harm to the plaintiff. Those are the facts that allege the primary duty, the same primary duty that's alleged here. The same duty on behalf of the defendants and the same wrongful acts by the defendants that allegedly breached that duty. This court in the Clark case recognized that where a plaintiff voluntarily abandons a claim, as Mr. Kamali did with his claim for inflection of emotional distress in state court, he cannot thereafter raise those claims in federal court. That's precisely the situation here. It's a violation of the rule of res judicata to allow the plaintiff to drop a part of his claim, either through inadvertence or design, and then raise it later in a federal lawsuit. His constitutional tort claim under section 1983 is precisely the same claim as his claims for inflection of emotional distress. There's really no difference at all between those claims, and the appellant makes no argument in his briefs or in the district court below to explain why his dismissal of the tort claims doesn't bar his claims under section 1983 here. The appellant's entire argument is based on a unique statutory right to claims that exist under the Unruh Act. The Unruh Act is also based on the same primary right as the state court claim. I believe to amend, Kamali contends there's a new different exclusion order that he would like to amend his complaint with? He alleges in his complaint that he believes that there's a appellant's argument regarding this continuing harm. Of course, the issue isn't whether there's continuing harm. The issue is whether there were acts by the defendants after the entry of the state court judgment that were wrongful acts. In this case, there weren't any. The plaintiff alleges only that in October of 2017, he attempted to enter the building and was excluded. Continuing harm is irrelevant. For example, Mr. Kamali is retired and he could be living on an island somewhere and thinking to himself, well, I can't go back to that Caltrans building where I used to work. The fact that he continues to allegedly suffer harm from an earlier wrongful act doesn't allow him to continue to pursue this litigation. The judgment has to be final. Before my time is up, I would just like to address the argument that the privity works one direction or the other. I would just direct the court to Justice Traynor's opinion nearly 80 years ago in Bernhard v. Bank of America. He explains that whether one sues the principal first or the agent, the judgment on behalf of either is res judicata because it's unfair to plaintiff to prevail in another action simply by switching adversaries. That's precisely what happened here. The plaintiff first sued Caltrans. The judgment was entered against him. He raised a second lawsuit against the defendants here who were all employees or agents of Caltrans. Their interests are substantially identical. Therefore, the judgment should be affirmed. Any questions? The judgment below should be affirmed on behalf of the defendants and Mr. Ginter want five minutes? Yes, your honor. Thank you. Although I doubt that it will take five minutes. Okay. Good. Good morning, your honors. May it please the court. Brian Ginter on behalf of defendant and appellee Brian Gray. I come before you today to ask that you uphold a judgment entered in favor of Mr. Gray because there are no facts alleged in plaintiff's operative complaint that show Mr. Gray did anything to cause the constitutional violations about which plaintiff complains or that Mr. Gray, a private party security officer can be held liable under section 1983. I wanted to start first, if I could, with a misstatement of law that I believe is in the plaintiff's reply brief. In it, the plaintiff argues that it is sufficient for him to give a short and plain statement of the claims asserted. And I do not believe that is or has been a correct statement of the plaintiff's burden since the Supreme Court decided Wombly and Iqbal in 2007 and 2009. The standard is that the complaint must allege facts sufficient to show plausibly that the plaintiff is entitled to relief. And that is just what we believe is insufficiently stated in our case. And before I go further, I would also respectfully disagree with Mr. Phan's statement earlier today. And also, which is stated in the briefs, which is that the district court did not find fault with the pleadings alleged by the plaintiff and decided the case solely on res judicata grounds. In fact, a fair reading of the district court's order states quite plainly that the district court found that the requisite proximate cause and personal involvement of Mr. Gray was not sufficiently alleged. And also that because Mr. Gray is a private party and not a state employee or actor, that more must be alleged with respect to his involvement and liability for Section 1983 violations. Turning to the allegations of the complaint, or the First Amendment complaint, which is the operative complaint in this case, there are really only three things that are alleged with respect to Mr. Gray. First, that he is a security captain at the Caltrans office and that he received an order from a Caltrans employee, Mr. Aaron Ochoco. In which I'll add, that order was also directed to other security personnel, according to plaintiff's own words. And the last thing that is alleged with respect to Mr. Gray is that on or about October 11, 2017, which is the second time that the plaintiff presented to the Caltrans building requesting entry. And the plaintiff's own call was made to either a man named Mr. Atkins and, or to Mr. Gray. And that thereafter, Mr. Atkins appeared in the lobby of the Caltrans building and advised the plaintiff that he was not permitted entry to the building. In our view, your honors, that is woefully insufficient to party security officer. The briefings discuss the various tests that have been applied to fine state action. In this case, the plaintiff asserts either the public function test or the joint action test. Frankly, your honors, there is no case cited by the plaintiff, and we have found none, that fine state action, given the actions of a private party, which are alleged against Mr. Gray in this case. I wanted to also address before my time is up, just briefly in his reply brief, the plaintiff criticizes some of the cases that we rely upon with respect to the procedural posture of those cases, stating that they are summary judgment cases and therefore have no application to the present case, which was decided on the pleadings. I would draw your honors attention to a case that was decided after the briefing was submitted in this case by a different panel at this court, which upheld a grant of a motion to dismiss on the grounds that private party defendants were not state actors. That case is Pasadena Republican Club versus Western Justice Center. It can be found at 985 F.3D 1161, and the specific page site on that case is 1164. As I said, it was decided by a different panel of this court, and the opinion was issued on January 25th of this year. And with that, your honors, and I see that I'm over my time, I will submit unless there are questions that you have for me. Thank you. Okay. Thank you, counsel. Mr. Hennig. Thank you, your honor. Let me begin by discussion of what happened in the granted in superior court that the public accommodation law, the Unruh Civil Rights Act, the Unruh State Act, did not apply to issues of retaliation. In other words, it was not covered under the act. That was, Mr. Oren says, that was Mr. Kamali's day in court. That is not the case. This case was dismissed out of hand saying that statute did not apply. A public accommodation statute did not apply to retaliation claims. That was the primary right at issue, public accommodation. Here we are talking about First Amendment rights. What makes this so difficult is because the federal standard is different materially than the California standard, and it requires humility on all of our parts at the federal level to recognize that we must follow the state of California primary right doctrine and understand its principles. That a public accommodation is materially different than requests under the First Amendment or the exercise under the First Amendment. Judge Wardlaw made a comment about the right of employee sections. Let me address that out of hand. There is a yes statute that allows people who are members of to bring guests into the office. Mr. Kamali was able to do so numerous times. Mr. Kamali appeared as a guest of a current employee prior to this prohibition as his representative in a matter involving discipline. In other words, Mr. Kamali was no stranger. Yet what Caltrans did is they him from ever being allowed in this area. As best we can tell, he is the only former employer who has ever had this ban. The only bans that we are aware of are people with violent actions and things like that. In other words, Mr. Kamali has been singled out and excluded, and this is important. What was at issue in the Superior Court action was public accommodation on the second floor. What is at issue here is materially different. It is the issue of Mr. Kamali's ability to go inside the building and meet with current Caltrans employees and discuss their legal issues as he's so well-versed in this. I should add that that presents a continuing violation because what was missing from Caltrans, the statement from the state, was that Mr. Kamali, that this policy is no longer valid. Mr. Kamali continues to be banned, and as a result of that, what you have is a continuing violation. The idea that Mr. Kamali must test whether he's continuing to be banned is not the law of continuing violation. It is conceded that the state policy is still in effect banning Mr. Kamali, and as a result of that, the continuing violation means that even if you were to find it was the same primary right at the state court action as this action, the continuing violation would make this a new case. And that is the wording from Clark versus Yosemite Community College District, that the doctrine of res judicata does not necessarily preclude all future actions with regard to continuing conduct simply because the previous actions sought prospective relief. It would be inconsistent with case law to say that one action by the superior court would therefore ban Mr. Kamali for all eternity from ever being able to file another complaint against the state as to his being banned from the Caltrans building. I'd like to address the issue of the intentional infliction of emotional distress claim. Counsel claims that's the same claim as is being raised now. That claim was dismissed without prejudice and therefore could have been can be raised later. Under California law, when you dismiss a claim without prejudice, that means you can raise it again. So that argument that because that was raised in the first place means that it's forever banned now is false. Under California procedure, when you dismiss a claim without prejudice, you may bring it at a later time. So the same primary right involved with the intentional infliction of emotional distress can still be raised later because of that particular type of dismissal. Finally, I would ask this. Takahashi, we do not believe, correctly states the current state of California law. To the extent that this court needs guidance, we ask you to seek it from the California experts at the California Supreme Court. That is that because we are interpreting their doctrine in this particular instance. To conclude, we believe that because the continuing violation is so significant here, that you cannot dismiss even if you were to find the same primary right. However, we would distinguish the primary rights at issue because one was public accommodation and that's what the statute was. That was what the cause of action was. It was a public accommodation statute. That was at the cause of action in this particular case. Other constitutional rights under the United States Constitution. Thank you. Thank you, counsel. Kamali versus Hilson is submitted. And we'll take up our last case for the day, Wang versus Garland.
judges: Wardlaw, Gould, Donato